## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| Mary Hoyt,<br><br>    Plaintiff,<br><br> v.<br><br>NCC Business Services, Inc.,<br><br>    Defendant(s). | **COMPLAINT** |

Plaintiff MARY HOYT, by and through her attorneys, Law Offices of Stuart Werbin, complaining of the Defendant, hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Venue is properly in this Court under 28 U.S.C. §§ 1391(b)(2) and (b)(3), because a substantial part of the events giving rise to the claim occurred in this judicial district, and Defendant is subject to this Court's personal jurisdiction with respect to this action.

### PARTIES

3. Plaintiff, Mary Hoyt, is an adult residing in Hillsboro, MO, which is within the district and division of this Court.

4. Defendant NCC Business Services, Inc. is a business entity regularly engaged in the business of collecting debts in this State with its place of business located at 9428 Baymeadows Rd, Ste 200, Jacksonville, FL 32256. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## FACTUAL ALLEGATIONS

7. Defendant NCC Business Services, Inc. attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Synchrony Bank.

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

9. NCC sent Plaintiff an initial validation letter dated April 21, 2016.

10. This letter fails to identify the current creditor to whom the debt is owed, in violation of the FDCPA.

11. This letter identifies the "Original Creditor" as Synchrony Bank, and states "This account has been listed with our company for collection." Nowhere in the letter is the current creditor identified, nor NCC's relationship to the current creditor. The least sophisticated consumer would be unsure if the current

creditor were Synchrony Bank, NCC, or some other third party. As such, NCC has violated the FDCPA.

12. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

14. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

15. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

## CLAIMS FOR RELIEF
(Fair Debt Collection Practices Act)

16. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 15 herein.

17. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

18. Defendant violated provisions of the FDCPA, including, but not limited to, the following:

19. The FDCPA 15 U.S.C. § 1692g(a)(2) requires that a validation notice clearly identify the name of the creditor to whom the debt is owed. Defendant's initial dunning letter to Plaintiff fails to identify the current creditor, in violation of § 1692g(a)(2).

20. The FDCPA 15 U.S.C. § 1692e prohibits any false, deceptive, or misleading representation or means in connection with the collection of any debt. Defendant's initial dunning letter to Plaintiff failed to clearly and accurately identify the creditor to whom the debt is owed, in violation of § 1692e.

21. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000.00, attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment in the sum of $10,000.00 be entered against Defendant as follows:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

Dated: April 19, 2017

    Respectfully submitted,

    **Law Offices of Stuart Werbin**

    By: <u>*/s/ Stuart D. Werbin*</u>
        Stuart D. Werbin, Esq., Bar No. 4398327NY
        1615 Avenue I, Ste. 519
        Brooklyn, NY 11230
        Tel (646) 942-7464
        Fax (347) 710-1015
        swerbin@werbinlaw.com
        *Attorneys for Plaintiff*